[Civ. No. 772.   Second Appellate District.—March 10, 1910.]

GEORGE I. EELLS, Respondent, v. THE GRAY BROS. CRUSHED ROCK COMPANY, a Corporation, Appellant.

CORPORATION—LIABILITY FOR TREES SOLD AND DELIVERED FOR ORCHARD —DIRECTION OF SECRETARY TO MANAGER OF ORCHARD—APPARENT AUTHORITY.—Where a corporation owning an orchard was accustomed to authorize the purchase of budded trees therefor by the direction of its secretary to the manager of the orchard, the secretary had apparent authority to represent the corporation, and it is liable for budded trees sold and delivered at such orchard by request of the manager upon such apparent authority of the secretary, and which upon his direction were planted and used in the orchard.

ID.—ABSENCE OF FORMAL RESOLUTION BY DIRECTORS IMMATERIAL.—The fact that no formal resolution was passed by the board of directors of the corporation authorizing the secretary to give such orders for trees for the orchard through its manager is immaterial. No such resolution was necessary.

ID.—APPARENT AUTHORITY—ESTOPPEL OF CORPORATION.—If a corporation clothes its officer or agent with apparent authority to act for it in a particular matter, it will be estopped to deny such authority as against persons dealing with such officer or agent in good faith, and in ignorance of any limitations upon his authority.

13 Cal. App.—3

APPEAL from a judgment of the Superior Court of Orange County. Z. B. West, Judge.

The facts are stated in the opinion of the court.

Ames & Manning, for Appellant.

R. Y. Williams, and Williams & Rutan, for Respondent.

SHAW, J.—Action to recover the value of certain nursery stock, consisting of budded walnut trees, alleged to have been sold and delivered to defendant at its special instance and request.

Judgment was rendered for plaintiff. The appeal is from the judgment and an order denying defendant's motion for a new trial. Defendant offered no evidence, and the only point which it urges as ground for reversal is that the court erred in denying defendant's motion for a nonsuit.

Defendant is a corporation and, as shown by the evidence, the owner of a twenty-four acre orchard in Orange county, which for ten or twelve years prior to the commencement of this suit had been in the care and under the management of one William E. Case. The trees were delivered to defendant at the request of Case, who, pursuant to oral instructions given him by the secretary of the corporation, and acting on its behalf, ordered them delivered at defendant's orchard, and the fair inference from the evidence is that upon their delivery he planted them upon defendant's land, as he was instructed to do by defendant's secretary. Subsequently, the bill for the trees was sent to defendant, who, on November 27, 1908, returned it to plaintiff with the request that it be submitted to "Mr. W. E. Case, who has charge of our place, for his approval." On January 6, 1909, defendant, in reply to plaintiff's demand for payment, wrote: "In reference to the payment of the same [the bill for the trees], we would ask if it would not be satisfactory if we would send you a sixty and a ninety day note covering the amount as you want to close up the estate." It further appears from the evidence that it was and had been the custom of defendant to transmit directions to Case, its manager, regarding the care of the orchard, through its secretary. Case testifies that

"sometimes it was one (the secretary) and sometimes the other; whichever one happens to be there, and sometimes they write about it." It thus clearly appears that the secretary, who directed the purchase, was clothed with apparent authority to act in the matter. The fact that the board of directors adopted no formal resolution conferring such authority upon him is immaterial; it was not necessary. "If a corporation clothes an officer or agent with apparent authority to act for it in a particular matter, it will be estopped to deny such authority as against persons dealing with him in good faith, and in ignorance of limitations upon his authority." (Clark and Marshall on Private Corporations, sec. 707.) It is unnecessary to cite authorities in support of this proposition; suffice it to say that we cannot perceive how the court, under the facts here presented, could have reached any conclusion other than that which resulted in the judgment rendered for the value of the trees so delivered to defendant and by its agent planted upon its land.

The judgment and order appealed from are affirmed.

Allen, P. J., and Taggart, J., concurred.